UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TD BANK, USA, NA,

        Plaintiff,                  Case No. 22-11529

    v.                          Hon. George Caram Steeh

MICHAEL GARRISON,

        Defendant.

_____/

## ORDER OF REMAND

Defendant Michael Garrison removed this action from Michigan's 28th District Court on July 1, 2022. Plaintiff sued Garrison to recover an alleged credit card debt in the amount of $2,305.55. In his notice of removal, Garrison alleges jurisdiction based upon diversity and federal question. His allegations of subject matter jurisdiction are based upon his counterclaim, which alleges breach of contract as well as violations of the Fair Credit Billing Act, Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Michigan Consumer Protection Act.

"Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing

28 U.S.C. § 1441(a)). Federal subject matter jurisdiction may be based upon diversity under 28 U.S.C. § 1332 or a federal question under 28 U.S.C. § 1331. The court has diversity jurisdiction when the case is between parties of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The court has federal question jurisdiction over claims arising under federal law. 28 U.S.C. § 1331.

The removing party bears the burden of demonstrating that the court has subject matter jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* at 549-50 (citation omitted).

The claims set forth in Plaintiff's complaint do not satisfy either diversity or federal question jurisdiction: they are state-law claims for breach of contract and account stated, and the amount in controversy is well below the $75,000 threshold. Garrison alleges that the court has subject matter jurisdiction based upon his counterclaims. This argument is unavailing for several reasons.

First, the amount in controversy must be determined based upon Plaintiff's complaint, not Garrison's counterclaims. *See Equity All. of Canton Dev. Parcel, LLC v. Old Navy, LLC*, No. 20-CV-11683, 2020 WL 12655557, at *1 (E.D. Mich. July 9, 2020); *Firestone Fin. Corp. v. Syal*, 327 F. Supp.2d 809, 810-11 (N.D. Ohio 2004) ("[T]he majority of courts have held that a federal court should not consider the value of a defendant's compulsory counterclaim in determining the amount in controversy for removal jurisdiction."); *Sanford v. Gardenour*, 2000 WL 1033025, at *3 (6th Cir. July 17, 2000) (referring to general rule that "no part of the required jurisdictional amount can be met by considering a defendant's counterclaim to satisfy the amount in controversy requirement for removal jurisdiction purposes").

Second, even if diversity jurisdiction otherwise existed, Garrison would be precluded from removing the action based upon the forum defendant rule: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

In other words, because this action was brought in Michigan and Garrison is a Michigan citizen, he cannot remove it based upon diversity jurisdiction.

Third, an allegation of federal question jurisdiction is properly based upon the claims set forth in the plaintiff's complaint. "Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Eastman*, 438 F.3d at 550. Further, "it is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction.'" *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007).

Garrison cites *Scott v. First Southern Nat'l Bank*, 936, F.3d 509, 519 (6th Cir. 2019) for the proposition that Plaintiff's state law claims are preempted. The Sixth Circuit in *Scott* held that the Fair Credit Reporting Act preempted the plaintiff's common law claims of breach of the duty of good faith and fair dealing and tortious interference with contractual relationships. The court reasoned that those claims arose from the defendant's reporting of incorrect information to credit bureaus, which was the same subject matter regulated by the FCRA. *Scott* does not stand for the proposition that common law claims of breach of contract or account stated are generally preempted by the FCRA. These claims, as pleaded in

- 4 -

the complaint, involve an attempt to recover unpaid credit card debt and do not involve the reporting of information to credit bureaus. Federal preemption does not provide a basis for removal in this case.

For these reasons, the court concludes that it lacks subject matter jurisdiction over this action and that remand is required. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

IT IS HEREBY ORDERED that this action is REMANDED to the 28th District Court, State of Michigan.

Dated: July 15, 2022                    s/George Caram Steeh
                                        George Caram Steeh
                                        United States District Judge

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 15, 2022, by electronic and/or ordinary mail and also on

Michael Garrison
4109 18th Street
Wyandotte, MI 48192

Betsy S. Wilshere
Buckles & Buckles, P.L.C.
17845 W. 14 Mile Road
Beverly Hills, MI 48025

s/Brianna Sauve
Deputy Clerk